UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                          |   |                              |
|------------------------------------------|---|------------------------------|
| CENTER FOR BIOLOGICAL DIVERSITY,         |   |                              |
|       Plaintiff,                         |   |                              |
|       v.                                 |   | Civil Action No. 20cv1158 (BAH) |
| BUREAU OF LAND MANAGEMENT, *et al.*,     |   |                              |
|       Defendants.                        |   |                              |

**JOINT STATUS REPORT**

Defendants U.S. Bureau of Land Management ("BLM"), Bureau of Land Management Nevada State Office ("BLM Nevada"), National Park Service ("NPS"), and United States Department of the Interior ("Interior") (collectively, "Defendants"), and Plaintiff Center for Biological Diversity ("Plaintiff" or "CBD") (collectively, "the Parties") submit the following Joint Status Report ("JSR"):

1. Plaintiff filed this FOIA civil action on May 4, 2020, seeking the production of records responsive to its FOIA requests. Specifically, Plaintiff alleges that it served FOIA requests upon Interior (Request No. 2018-00621); BLM (Request No. 2018-00828); BLM Nevada (Request No. 2018-00526, and Request No. 2018-00XXX); and NPS (Request No. 2018-00422) seeking records regarding Cliven Bundy's militia, standoff, and cattle, as well as records written to and from BLM's former special agent Dan Love regarding Cliven Bundy and his cattle.

2. In the last Joint Status Report, the Parties informed the Court of the following:

    a. Defendants Interior and NPS were still conducting their search for records, but due to technical issues/difficulties, Defendants were unable to provide an

estimate on the total volume (i.e. total number of documents or total page count) of potentially responsive records;

b. BLM has completed its search for email records responsive to Request No. 2018-00828, which returned approximately 33,500 pages of potentially responsive records. BLM will confer with Plaintiff in an attempt to narrow and prioritize the search and processing of records.

c. BLM Nevada previously sent all of the potentially responsive material it located for Plaintiff's Clive Bundy request ("Request 2018-00XXX") to BLM, and BLM will release any responsive, non-exempt records for that Request in conjunction with its releases for Request 2018-00828. Additionally, BLM Nevada is still conducting a review of the adequacy of its initial search in response to the other requests, which resulted in no responsive records, to determine if any further search is necessary.

d. Finally, that Defendants agreed that each Defendant will process 500 pages of potentially responsive records per month and release the resulting nonexempt records on a monthly basis.

3. The Parties report to the Court that since the filing of the last Joint Status Report the following has occurred:

a. Interior was able to resolve the IT issue and that the Office of the Secretary of the Interior was able to locate 143 pages of potentially responsive records, which were processed and 93 pages were released with redactions, 25 pages were determined to be non-responsive, and the remaining 25 pages are

       undergoing consultation with an internal bureau. Further, the parties have agreed that the search is limited to custodians during the current Administration.

    b. NPS has conducted an initial search, which resulted in a very large volume of documents. NPS is currently reviewing those documents for responsiveness and/or duplicity in order to determine the number of pages to be processed.

    c. BLM anticipates being able to make its first interim response to Plaintiff by September 30, 2020, and will thereafter process no less than 500 pages of records per month. BLM will continue to confer with to Plaintiff in an attempt to narrow and prioritize the search and processing of records.

    d. BLM Nevada is still conducting the review of its initial search.

4. The parties cannot determine whether summary judgment briefing will be necessary until Defendants have completed their review of records responsive to the FOIA request and the parties have had an opportunity to confer regarding the production and any withholdings.

5. The Parties propose to file another JSR to the Court on November 10, 2020.

Dated:  September 10, 2020        Respectfully submitted,

    MICHAEL R. SHERWIN
    Acting United States Attorney

    DANIEL F. VAN HORN, D.C. Bar No. 924092
    Chief, Civil Division

By: /s/ *Darrell C. Valdez*
    DARRELL C. VALDEZ, D.C. Bar No. 420232
    Assistant United States Attorney
    555 Fourth Street, N.W., Civil Division
    Washington, D.C. 20530
    Telephone: (202) 252-2507
    Email: Darrell.Valdez@usdoj.gov

    *Attorneys for Defendant*


By: /s/ *Douglas W. Wolf*
    DOUGLAS W. WOLF, D.C. Bar No. 481046
    Center for Biological Diversity
    3201 Zafarano Dr.
    Suite C, #149
    Santa Fe, NM 87507
    Telephone: (202) 510-5604
    Email: DWolf@biologicaldiversity.org

    *Attorneys for Plaintiff*